# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS J. MILLER           :
                            :
    v.                        :    CIVIL ACTION NO. 17-496
                            :
NANCY A. BERRYHILL,         :
**Acting Commissioner of the Social**  :
**Social Security Administration**     :

## ORDER

Plaintiff Francis J. Miller filed this action under 42 U.S.C. § 405(g) requesting judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits and Supplemental Security Income. The case was referred to United States Magistrate Judge Linda K. Caracappa, who has issued a Report and Recommendation ("R&R") that the Commissioner's decision be affirmed. Plaintiff filed timely objections to the R&R.

The Commissioner affirmed the decision of the Administrative Law Judge ("ALJ"), who found that Plaintiff suffered from four severe impairments: mild degenerative disc disease, facet arthropathy, major depression, and attention deficit hyperactivity disorder. The ALJ concluded that Plaintiff could not return to his past relevant work, but retained the residual capacity to perform a restricted range of sedentary work such as that of an order clerk, a cuff folder, or a nut sorter.[1] In so finding, the ALJ afforded limited weight to the opinions of Dr. Luciano, Plaintiff's treating physician, and Dr. Abraham, an agency consultative examiner, as inconsistent with the objective medical evidence.[2] The ALJ gave great weight to the opinion of Dr. Sarpolis, an agency medical consultant, as supported by the medical evidence.[3]

---
[1] R. at 39–41.
[2] R. at 38.
[3] R. at 38–39.

In his request for review, Plaintiff argued that the ALJ (1) erred in assigning little weight to the opinions of Dr. Luciano and Dr. Abraham, (2) insufficiently assessed the mental health evidence, and (3) failed to incorporate all of Plaintiff's limitations into the residual capacity finding. The Magistrate Judge determined that the ALJ's decision was supported by substantial evidence. The Court has conducted a *de novo* review of the R&R, and has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[4] Upon careful review, the Court agrees with the Magistrate Judge's recommendation.

The ALJ explained that he gave little weight to the opinion of Dr. Luciano, Plaintiff's treating physician, because a there existed no significant treatment relationship and because Dr. Luciano's opinion was not supported by the medical evidence.[5] Though, in the absence of conflicting evidence, the opinion of a treating physician is given great and often controlling weight, the ALJ may afford it more or less weight, depending on the supporting explanations and the evidence.[6] As thoroughly explained in the R&R, the ALJ found that Dr. Luciano had only seen Plaintiff three times when he rendered his opinion and the objective medical evidence did not support his stated limitations.[7] This conclusion was supported by substantial evidence. Plaintiff argues that the ALJ incorrectly stated that a lumbar x-ray performed on April 18, 2012, showing only mild degenerative disc disease, was an MRI,[8] and that an MRI performed in 2007 (two years prior to the alleged disability onset date) was the most probative evidence and should have been considered. Plaintiff also argues that the ALJ misinterpreted an August 18, 2012 CT

---

[4] 28 U.S.C. § 636(b)(1).
[5] R. at 38.
[6] *See Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).
[7] *See* R&R at 17–22. Plaintiff argues that the ALJ's conclusion that the treatment relationship was not "significant" was a mistake of fact. Pl.'s Br. at 9–10. However, the ALJ did not conclude that Dr. Luciano was not Plaintiff's treating physician, but instead acknowledged the relationship and appropriately evaluated Dr. Luciano's opinion based on the factors in 20 C.F.R. § 416.927(c).
[8] R&R at 19.

2

scan by citing from the "Impression" section and not the "Findings" section. However, as explained in the R&R, the 2012 x-ray was properly considered, and the incorrect reference did not undermine its relevance. In addition, the "Impression" section was an accurate summary of the August 2012 CT scan.[9] Therefore, the medical evidence provides substantial evidence for the ALJ's decision to give Dr. Luciano's and Dr. Abraham's opinions little weight.[10]

Plaintiff next argues that the ALJ erroneously concluded that the record contained "no opinion evidence from a mental health treating source."[11] However, the ALJ summarized Plaintiff's mental health records and history, and the Court agrees with the Magistrate Judge's recommendation that this statement is best viewed as referring to the lack of a mental health residual functional capacity assessment, or something of that nature, in Plaintiff's record.[12] The ALJ did consider Plaintiff's Global Assessment of Functioning ("GAF") scores, and acknowledged Plaintiff's mental health impairments, stating that "allowances have been made in the residual functional capacity to limit [Plaintiff's] work to simple, routine tasks . . . but these restrictions are not work preclusive."[13] This conclusion is supported by substantial evidence. Finally, the ALJ was not required to include limitations not supported by the medical evidence in the hypothetical question given to the vocational expert to determine Plaintiff's residual functional capacity. Thus the hypothetical was sufficient, and the ALJ's conclusion that Plaintiff

---

[9] *See id.* at 19–21.
[10] *See id.* at 23.
[11] R. at 39.
[12] *See* R&R at 25.
[13] R. at 39. The Court of Appeals has noted that "the latest edition of the *Diagnostic and Statistical Manual of Mental Disorders,* DSM–5, abandoned the GAF scale as a measurement tool. Because of this, the Social Security Administration now permits ALJs to use GAF ratings as opinion evidence when assessing disability claims involving mental disorders; but instructed that a 'GAF score is never dispositive of impairment severity,' and an ALJ should not 'give controlling weight to a GAF from a treating source unless it is well supported and not inconsistent with other evidence.' SSA AM–13066 at 5 (July 13, 2013)." *Hughes v. Comm'r Soc. Sec.*, 643 F. App'x 116, 119 (3d Cir. 2016).

has the capacity to perform a restricted range of sedentary work, of which jobs are available in sufficient number, is supported by substantial evidence.[14]

**AND NOW**, this 21st day of February 2018, after careful review and consideration of Plaintiff's request for review, Defendant's response, the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, and the objections thereto, it is hereby **ORDERED** that:

1. Plaintiff's Objections are **OVERRULED**;
2. The Report and Recommendation is **APPROVED** and **ADOPTED**; and
3. The decision of the Commissioner is **AFFIRMED**.

It is so **ORDERED**.

**BY THE COURT:**

**/s/Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**

---

[14] For a hypothetical question to be considered substantial evidence, it must include all impairments supported by the record, *Chrupcala v. Heckler*, 829 F.2d, 1269, 1276 (3d Cir. 1987), but this encompasses only those impairments established by the medical evidence of record and not all of a claimant's alleged impairments. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).